```
                    United States District Court
                      District of Massachusetts
```

|                              |   |                    |
|------------------------------|---|--------------------|
| **Theodore Koltin,**         | ) |                    |
|                              | ) |                    |
|    Plaintiff, | ) |                    |
|                              | ) |                    |
|    v.         | ) | Civil Action No.   |
|                              | ) | 14-13750-NMG       |
| **City of Fall River, et al.,** | ) |                 |
|                              | ) |                    |
|    Defendants.| ) |                    |

**MEMORANDUM & ORDER**

**GORTON, J.**

On October 3, 2017, Theodore Koltin, the plaintiff in this case, died. On October 24, 2017, Attorney Kevin Reddington, then counsel for plaintiff, filed a suggestion of death and moved this Court to "dismiss this action as the plaintiff is deceased." That same day, this Court entered an order of dismissal. On December 27, 2017, Harold Koltin, the late plaintiff's brother, through newly attained counsel, Attorney Elliot Savitz, filed a motion to vacate dismissal and substitute Harold Koltin ("movant") as plaintiff in his capacity as personal representative for Theodore Koltin.

Movant filed a Statement of Voluntary Administration under penalty of perjury in the Massachusetts Probate and Family Court for Bristol County on November 6, 2017. He provided to this Court an attested true copy of that statement which confers upon

-1-

movant the status of voluntary personal representative. See
M.G.L. c. 190B §3-1201.  That statute provides that

> A voluntary personal representative may, as the legal representative of the deceased and his estate, receive payment of any debt or obligation in the nature of a debt . . . scheduled in such statement . . . .  [A] voluntary personal representative may sell any chattel so received and negotiate or assign any chose in action to convert the same to cash in a reasonable amount.

Id.

Movant lacks standing to pursue this action because it does not represent a "debt or obligation in the nature of a debt." Although a voluntary personal representative may sell or assign a chose in action to convert that action to cash, the statute does not permit such a person to maintain such an action. Finally, the statute requires that any asset or debt that a voluntary personal representative seeks to receive be "scheduled in [the duly attested] statement."  Plaintiff's action is not scheduled in movant's statement.

Because a voluntary personal representative may not maintain an action in chose and because this action was not scheduled on the duly attested voluntary administration statement, movant's motion to vacate dismissal and substitute plaintiff will be denied. See Cobb v. Potwin, 90 Mass. App. Ct. 1102 (2016) (rule 1:28 disposition) (affirming Probate and Family Court's dismissal for failure to prosecute claim action because voluntary personal representative lacked standing to

pursue action and voluntary administrator failed to note pending action on statement of voluntary administration); cf. Marco v. Green, 415 Mass. 732, 737–739 (1993) (voluntary administrator under § 3-1201 predecessor statute lacks authority to bring or maintain statutory wrongful death action).

The denial of Mr. Koltin's motion will be without prejudice to allow movant to pursue formal probate or otherwise attain a status sufficient to maintain such an action.

### ORDER

For the foregoing reasons, the motion to vacate dismissal and substitute Harold Koltin as plaintiff in his capacity as personal representative for Theodore Koltin (Docket No. 74) is **DENIED WITHOUT PREJUDICE**.

**So ordered.**

/s/ Nathaniel M. Gorton\_\_\_\_\_
Nathaniel M. Gorton
United States District Judge

Dated February 16, 2018